CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2010

JULIA C. DUDLEY, CLERK
BY: /s/ Kay Cummas
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY C. BOWMAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06CV00110 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SELECTION MANAGEMENT | ) | By: Hon. James C. Turk |
| SYSTEMS, INC., an Ohio Corporation, | ) | Senior United States District Judge |
| Defendant/Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMES-WORLD CORPORATION d/b/a | ) | |
| THE ROANOKE TIMES, | ) | |
| Third-Party Defendant. | ) | |

This matter is presently before the Court on Times-World Corporation's (Times-World) Motion to Dismiss the Second Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt No. 147). Times-World filed a memorandum in support of its motion (Dkt. No. 148), Selection Management Systems, Inc. (SMS) filed a response in opposition (Dkt. No. 152), and Times-World replied (Dkt. No. 155). The Court holds that SMS's Second Third-Party Complaint fails to state a claim upon which relief can be granted, and accordingly, Times-World's Motion to Dismiss (Dkt. No. 147) is **GRANTED**.

## I. Procedural and Factual Background History

On May 24, 2006, the plaintiff, Larry C. Bowman (Bowman), filed a Second Amended Complaint against SMS, the defendant/third-party plaintiff. The Court granted leave on June 4, 2008, for SMS to file a third-party complaint against Times-World. In its third-party complaint SMS asserted a claim of indemnity against Times-World.

Times-World moved for summary judgment on that claim, and the Court granted Times-World's summary judgment motion (Dkt. No. 100). On June 28, 2010, SMS, after obtaining leave of court, filed a second third-party complaint asserting a contribution claim against Times-World (Dkt No. 120). The parties submitted memoranda, and the Court heard oral argument on September 16, 2010.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). And when evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While reiterating that "detailed factual allegations" are not required, the Supreme Court has specified that pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not sufficient. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007)). In this case, the Court must determine whether the Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq., (FCRA) or any other law provides SMS, the third-party plaintiff, with a right of contribution. If there is no right to contribution, SMS has failed to state a claim upon which relief can be granted.

## III. Applicable Law

In regards to an alleged violation of a duty created by federal statute, such as FCRA, a right to contribution may arise only "through the affirmative creation of a right

of action by Congress, either explicitly or by clear implication; or second, through the power of the federal courts to fashion a common-law right of contribution." Texas Instuments, Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 638 (1981). Courts across the nation have found that there is no right to contribution under the FCRA or federal common law. In a factually similar case to the one before the Court, in which a job applicant sued a company that provided an allegedly erroneous "background check" report to a potential employer, the District Court for the District of Oregon held that there is no right to contribution under the FRCA. Boatner v. Choicepoint Workplace Solutions, Inc., 2010 U.S. Dist. LEXIS 44264 (D. Or. May 6, 2010).

Many other courts have held that neither the FCRA nor federal common law provide a right of contribution. In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig., 2008 U.S. Dist. Lexis 18314, at *12 (N.D. Ill. Mar. 5, 2008) ("[w]e begin with the statute itself, which plainly does not grant Ameriquest any right to seek indemnification or contribution from CRAs"); Meyers v. Freedom Credit Union, 2007 U.S. Dist. Lexis 70032, at *7 (E.D. Pa. Sept. 21, 2007) ("[i]t is clear that FCRA does not expressly create a cause of action for indemnity or contribution"); Cintron v. Savit Enter., 2009 U.S. Dist. Lexis 29813, at *7-8 (D.N.J. Apr. 8, 2009) (stating that courts have found that the FCRA "[leaves] no room for a court to infer a right to contribution or indemnification"); McSherry v. Capital One FSB, 236 F.R.D. 516, 520 (W.D. Wash. 2006) ("[s]o far, it does not appear that any court has found that there is a right to indemnity or contribution under the FCRA"); Kudlicki v. MDMA, Inc., 2006 U.S. Dist. Lexis 27971, at *12-13 (N.D. Ill. May 10, 2006) (observing that "several federal district

courts have concluded that the FCRA does not allow for the right to indemnification because it is not found in the statutory framework of the FCRA").

Additionally, because Bowman's claim is solely under federal law, Virginia law pertaining to contribution is inapposite, and cannot create a cause of action in this case.

## IV. Conclusion

All federal courts that have been faced with the issue have decided that the FCRA and federal common law do not provide for a claim of contribution for FCRA claims. The Court today will not venture into uncharted territory by finding a cause of action that Congress did not intend when it enacted the FCRA. Times-World's Motion to Dismiss (Dkt No. 147) is, therefore, **GRANTED**.

ENTER: This 28th day of September, 2010.

Senior United States District Judge